# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **GILBERTO PEREIRA DA SILVA,** | **Case No. 26–cv–04566–ESK** |
| **Petitioner,** | |
| v. | **OPINION AND ORDER** |
| **LUIS SOTO, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Gilberto Pereira da Silva's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).  (ECF No. 1.)  Respondents oppose the Petition.  (ECF No. 7.)

1.    Petitioner is a citizen of Brazil.  (ECF No. 1 ¶ 23.)  He entered the United States on November 22, 2019.  (ECF No. 7–2 p. 1.)  He was detained and arrested the same day.  (*Id.*)  He was released on his own recognizance on November 23, 2019.  (ECF No. 7–3 p. 2.)

2.    On October 13, 2022, petitioner was ordered removed *in absentia* as he did not attend his removal proceedings.  (ECF No. 7–4.)

3.    Petitioner filed a motion to rescind the *in absentia* removal order, but the motion was denied on November 28, 2022.  (ECF No. 7–5.)

4.    Petitioner filed a motion to reopen immigration proceedings on April 1, 2025.  (ECF No. 7–3 p. 2.)  The motion was denied on May 9, 2025.  (ECF No. 7–6.)  Petitioner filed an appeal with the Board of Immigration Appeals on June 6, 2025.  (ECF No. 1–2.)  The appeal is still pending.  (ECF No. 7–3 p. 3.)

5.    Petitioner was detained by Immigration and Customs Enforcement (ICE) on April 24, 2026 at a routine check in.  (ECF No. 1 ¶ 27.)  He has not received a bond hearing.  (ECF No. 7 p. 2.)

6.    This Petition followed on April 26, 2026.  (ECF No. 1.)  Petitioner argues that his detention is unlawful and that he faces "an ongoing risk of serious and potentially fatal complications, including stroke and cardiac arrest … ."  (*Id.* ¶ 31.)

7.     Respondents filed an answer on May 1, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. §1231(a)(1) because he has a final order of removal and is within the 90-day mandatory detention period.   (ECF No. 7 pp. 2, 3, 4.)   They further argue that this Court lacks jurisdiction over petitioner's claims regarding his health and medical care.   (*Id.* pp. 5, 6, 7.) They dispute petitioner's claim that he is not being provided medical attention. (*Id.* p. 7.)

8.     A noncitizen "who has filed a motion to reopen immigration proceedings for consideration of relief from removal ... shall remain subject to the provisions of [this regulation interpreting §1231] unless the motion to reopen is granted."   8 C.F.R. §241.4(b)(1).

9.     Petitioner's motion to reopen is still pending before the Board of Immigration Appeals, so petitioner's detention is governed by §1231.

10.    Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')."   8 U.S.C. §1231(a)(1)(A).   This 90-day detention is mandatory.   *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled.   After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

11.    "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."   8 U.S.C. §1231(a)(1)(B).

12.    Here, there is no evidence that the removal order was judicially reviewed and stayed or that petitioner was confined for a reason other than immigration proceedings.   Therefore, the removal period began on the date petitioner's removal order became final.   The removal period—during which petitioner's detention was mandatory—expired on January 11, 2023.

13.    ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)).   The presumptively permissible timeframe for post-removal-period detention is six months.   *Zadvydas*, 533 U.S. at 701.

14.    However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of [her] detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

15.    "[I]f a detainee provides 'good *reason* to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with *evidence* sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

16.    I conclude that petitioner has rebutted the presumption that his detention pending removal is reasonable, meaning his continued detention would violate his due process rights.[1]

17.    Petitioner's order of removal became final three years ago, and there does not appear to have been any attempts to remove petitioner since that time. Petitioner has also moved to reopen his immigration proceedings, and his appeal has been pending for nearly a year.   (ECF No. 7–3 p. 3.)   Respondents have not presented any evidence suggesting a decision is imminent, and it is doubtful that the appeal will resolve soon given the amount of immigration habeas cases that have been filed throughout the country in the past year.

18.    Furthermore, there is evidence that petitioner has experienced a significant medical event while in detention that necessitated a move to medical housing. (*See generally* ECF No. 8.)[2]   Despite this move, the evidence indicates that petitioner is continuing to suffer physical effects while in detention.   (*Id.*)   I take judicial notice that at least one detainee has died in

---

[1] Section 1252(b)(9) does not strip this Court of jurisdiction because petitioner's continued detention claim does not depend on whether he is ultimately removable from the United States.

[2] A separate order sealing the exhibit with petitioner's medical records will be entered.

custody at the Delaney Hall Detention Facility after a medical emergency. *See* Tracey Tully and Luis Ferré-Sadurní, *ICE Detainee Dies After Being Held at a Troubled Jailhouse in Newark*, N.Y. Times (Dec. 19, 2025), available at https://www.nytimes.com/2025/12/19/nyregion/ice-detainee-death-newark.html.

19. Section 1231 permits a noncitizen to be released "subject to conditions of supervised release." 8 U.S.C. §1231(a)(3)). I find that the duration of time since the entry of the removal order, the likely delays in petitioner's removal proceedings, and petitioner's health concerns warrant release on appropriate conditions of supervised release in order to protect petitioner's due process rights.

Accordingly,

**IT IS** on this   **8th** day of **May 2026**   **ORDERED** that:

1. Petitioner's § 2241 Petition is **GRANTED**. Within 48 hours, respondents shall **RELEASE** petitioner subject to conditions of supervised release, 8 U.S.C. § 1231(a)(3), and with all clothing and outerwear worn at the time of detention, or other appropriate attire.

2. Respondents shall return to petitioner all personal property belonging to petitioner—including, but not limited to, any driver's license, passport, immigration documents, currency, or cellphone—that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to petitioner's detention.

3. Respondents shall file a letter on the docket confirming the date and time of petitioner's release and that the conditions set forth above have been satisfied.

4. The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_____

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

4